UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CORINTHIANS ANDREWS, PATRICIA ARMSTEAD and BERNICE CHRISTOPHER, on behalf of themselves and all other persons similarly situated,

                                                   Plaintiffs,

              -against-

THE CITY OF NEW YORK,

                                                   Defendant.

------------------------------------------------------------------------ x

**ANSWER TO THE AMENDED COMPLAINT**

Case No. 10 Civ. 2426 (SHS)(MD)

        Defendant the City of New York ("City"), by its attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, as and for its answer to the Amended Complaint ("Complaint"), respectfully alleges as follows:

        1. Denies the allegations set forth in paragraph 1 of the Complaint, except admits that the named plaintiffs serve as School Safety Agents who provide security for the City School District of the City of New York and admits that plaintiffs purport to proceed on the basis set forth therein.

        2. Denies the allegations set forth in paragraph 2 of the Complaint, except admits that the City employs individuals in the School Safety Agent title.

        3. Denies the allegations set forth in paragraph 3 of the Complaint, except admits that the City employs individuals in the Special Officer title.

        4. Denies the allegations set forth in paragraph 4 of the Complaint and respectfully refers to the Collective Bargaining Agreement attached to the Complaint for a complete and accurate statement of its contents.

5. Denies the allegations set forth in paragraph 5 of the Complaint, except admits that plaintiffs purport to proceed as set forth therein.

6. Denies the allegations set forth in paragraph 6 of the Complaint, except admits that Corinthians Andrews was appointed as a School Safety Agent in 1986 and is currently assigned to the Patrol Borough, Brooklyn South as an Assistant Trainer.

7. Denies the allegations set forth in paragraph 7 of the Complaint, except admits that Patricia Armstead was appointed as a School Safety Agent in 1984 and is currently assigned to the Patrol Borough, Brooklyn South, Payroll Office located at the South Shore High School.

8. Denies the allegations set forth in paragraph 8 of the Complaint, except admits that Bernice Christopher was appointed as a School Safety Agent on February 23, 1981 and is currently assigned to Patrol Borough, Brooklyn South at IS 227.

9. Denies the allegations set forth in paragraph 9 of the Complaint, except admits that the City is a municipal corporation organized and existing under the laws of the State of New York.

10. Paragraph 10 of the Complaint asserts legal conclusions for which no response is required, to the extent a response is required, defendant denies the allegations and respectfully refers to the Collective Bargaining Agreement attached to the Complaint for a complete and accurate statement of its contents.

11. Denies the allegations set forth in paragraph 11 of the Complaint, except admits that the City Commissioner of Labor Relations, James F. Hanley, represents the Mayor in the negotiations with respect to the terms and conditions of employment for the School Safety Agents and Special Officers as set forth in the Collective Bargaining agreement that is attached to the Complaint.

12. Denies the allegations set forth in paragraph 12 of the Complaint, except admits that plaintiffs purport to proceed as set forth therein.

13. Denies the allegations set forth in paragraph 13 of the Complaint, except admits that plaintiffs purport to set forth the basis for venue as set forth therein.

14. Denies the allegations set forth in paragraph 14 of the Complaint, except admits that plaintiffs purport to proceed as set forth therein.

15. Denies the allegations set forth in paragraph 15 of the Complaint, except denies knowledge or information sufficient to form a belief as to plaintiffs' expectations as to opt-ins and admits that the City currently employs 5,082 School Safety Agents.

16. Denies the allegations set forth in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint asserts legal conclusions for which no response is required, but to the extent a response is required, defendant denies the allegations.

18. Paragraph 18 of the Complaint asserts legal conclusions for which no response is required, but to the extent a response is required, defendant denies the allegations.

19. Paragraph 19 of the Complaint asserts legal conclusions for which no response is required, but to the extent a response is required, defendant denies the allegations.

20. Paragraph 20 of the Complaint asserts legal conclusions for which no response is required, but to the extent a response is required, denies the allegations, except admits that plaintiffs purport to proceed as set forth therein.

21. Denies the allegations set forth in paragraph 21 of the Complaint, except admit that the named plaintiffs are School Safety Agents.

22. Denies the allegations set forth in paragraph 22 of the Complaint, except admits that the Office of Labor Relations acts as the Mayor's representative in the conduct of all

labor negotiations that affect the City and negotiations with the Union as to all titles in the bargaining units covered by the Collective Bargaining Agreement that is attached to the Complaint, including School Safety Agents and Special Officers.

23. Denies the allegations set forth in paragraph 23 of the Complaint, except admits that School Safety Agents and some of the individuals in the Special Officer title are employed by the City and admit that the City Office of Payroll Administration is responsible for, among other things, City employees and retiree payrolls, maintaining and enforcing uniform payroll policies and procedures, coordinating payroll matters among City agencies, complying with the requirements of federal, state and City taxing authorities, and managing and reconciling the City's payroll accounts.

24. Admits the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint, except admits that applicants for Special Officer and School Safety Agent jobs submit their applications to the City of New York Department of Citywide Administrative Services ("DCAS") by mail or online at the DCAS website and that DCAS establishes regulations that are applicable to the examinations required to be taken by applicants for School Safety Officer and Special Patrol Officer positions.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint, except admits that to become a School Safety Agent, an applicant must achieve a score of at least 70% on a multiple choice test, which may include questions designed to assess written comprehension, written expression, memorization, problem sensitivity, deductive reasoning,

-5-

inductive reasoning, information ordering, spatial orientation, and visualization, and admits that the applicant's test score determines his or her place on an eligible list.

28. Denies the allegations set forth in paragraph 28 of the Complaint, except admits that to become a Special Officer, an applicant must achieve a score of at least 70% on a multiple choice, admits that the test for Special Officers who work for agencies under the jurisdiction of DCAS, may include questions designed to assess written comprehension, written expression, memorization, problem sensitivity, deductive reasoning, inductive reasoning, information ordering, and visualization, admits that the test for Special Officers employed by the New York City Health and Hospitals Corporation ("HHC") may include questions designed to assess written comprehension, written expression, memorization, problem sensitivity, deductive reasoning, inductive reasoning, and information ordering, and admits that the applicant's test score determines his or her place on an eligible list.

29. Denies the allegations set forth in paragraph 29 of the Complaint.

30. Denies the allegations set forth in paragraph 30 of the Complaint, except admits that the duties and responsibilities of School Safety agents may include the tasks described in paragraphs 30(a) to 30 (l) and 30(n) to 30(q) of the Complaint.

31. Denies the allegations set forth in paragraph 31 of the Complaint, except admits that the duties and responsibilities of Special Officers may include the tasks described in paragraphs 31(a) to 31(j) of the Complaint

32. Denies the allegations set forth in paragraph 32 of the Complaint.

33. Denies the allegations set forth in paragraph 33 of the Complaint.

34. Denies the allegations set forth in paragraph 34 of the Complaint, except admits that applicants must satisfy the requirements enumerated in paragraph 34(a) to (h) to be appointed as School Safety Agents.

35. Denies the allegations set forth in paragraph 35 of the Complaint, except admits that applicants must satisfy the requirements enumerated in paragraph 35(a) to (h) to be appointed as Special Officers.

36. Denies the allegations set forth in paragraph 36 of the Complaint.

37. Denies the allegations set forth in paragraph 37 of the Complaint, except admits that School Safety Officers currently must undergo 14 weeks of training at the Police Academy and states that as of June 2010 the training requirement were increased to 15 weeks.

38. Denies the allegations set forth in paragraph 38 of the Complaint, except admits that some Special Officers undergo 5 weeks of training at the City University of New York.

39. Admits the allegations set forth in paragraph 39 of the Complaint.

40. Denies the allegations set forth in paragraph 40 of the Complaint.

41. Denies the allegations set forth in paragraph 41 of the Complaint.

42. Denies the allegations set forth in paragraph 42 of the Complaint.

43. Denies the allegations set forth in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations alleged in paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint asserts legal conclusions for which no response is required, but to the extent a response is required, defendant denies the allegations,

46. Denies the allegations set forth in paragraph 46 of the Complaint except admits that some New York City public schools use metal detectors as screening devices.

47. Denies the allegations set forth in paragraph 47of the Complaint except admits that School Safety Agents secure public school buildings, patrol the perimeters of those buildings, and must protect students and school personnel from unauthorized visitors and unauthorized third parties who enter or attempt to enter the schools and their perimeters.

48. Denies the allegations set forth in paragraph 48 of the Complaint, except admits that Special Officers secure public buildings, such as hospitals and social service centers, patrol the perimeters of those buildings, face potential violence from visitors, and must protect building personnel from authorized visitors and unauthorized third parties who enter or attempt to enter the buildings and their perimeters.

49. Denies the allegations set forth in paragraph 49 of the Complaint.

50. Admits the allegations set forth in paragraph 50 of the Complaint.

51. Denies the allegations set forth in paragraph 51 of the Complaint, except admits that some Special Officers wear uniforms consisting of an eight-point hat or a blue cap, short or long sleeve shirt, standard or semi-tactical pants, belts, black socks, black shoes or boots, a duty jacket.

52. Denies the allegations set forth in paragraph 52 of the Complaint.

53. Denies the allegations set forth in paragraph 53, except admits that mandatory equipment for a School Safety Agent includes a black leather pen and pencil holder, memo book

and black leather holder, flashlight and flashlight holder, handcuffs, black leather handcuffs holder, and a protective mask.

54. Denies the allegations set forth in paragraph 54, except admits that mandatory equipment for some Special Officers includes a black leather pen and pencil holder, memo book and black leather holder, flashlight and flashlight holder, expandable ASP baton 21-inch, black scabbard holder, handcuffs, black leather handcuffs holder, and a protective mask.

55. Denies the allegations set forth in paragraph 55, except admits that the maximum annual base rate for a School Safety Agent is $35,323.

56. Denies the allegations set forth in paragraph 56, except admits that the maximum annual base rate for an incumbent Special Officer after 3 years is $42,332.

57. Denies the allegations set forth in paragraph 57 of the Complaint.

58. Denies the allegations set forth in paragraph 58 of the Complaint.

59. Denies the allegations set forth in paragraph 59, except admits that School Safety Agents and Special Officers are eligible to participate in similar employee benefit programs such as group health plans and pension plans.

60. In response to the allegations set forth in paragraph 60 of the Complaint, defendant repeats and realleges its responses to paragraphs 1 through 59 of the Complaint.

61. Denies the allegations set forth in paragraph 61 of the Complaint, except admits that plaintiffs purport to proceed as set forth therein.

62. Denies the allegations set forth in paragraph 62 of the Complaint.

63. Denies the allegations set forth in paragraph 63 of the Complaint..

64.  Denies the allegations set forth in paragraph 64 of the Complaint.

**AS AND FOR A FIRST DEFENSE:**

65. Only those individuals who have filed written consents to participate in the action may be parties to this action.

**AS AND FOR A SECOND DEFENSE**

66. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRD DEFENSE**

67. Any differential in rate of pay between School Safety Officers and Special Officers is based on factors other than sex.

**AS AND FOR A FOURTH DEFENSE**

68. HHC is a separate establishment from the City within the meaning of Equal Pay Act, 29 U.S.C. §§ 206(d) *et seq*. and the New York Labor law §§ 194 *et seq*.

**AS AND FOR A FIFTH DEFENSE**

69. Defendant's actions were in all respects legal, proper, reasonable and in conformity with all applicable constitutions, charters, statutes, laws, rules and regulations and were not willful.

**AS AND FOR A SIXTH DEFENSE:**

70. The damage claims contained in the Complaint are barred, in whole or in part, by the failure to mitigate damages.

**WHEREFORE**, Defendant respectfully requests judgment dismissing the Amended Complaint and denying all relief requested therein, entering judgment for defendant, and granting defendant costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 11, 2011

        MICHAEL A. CARDOZO
        Corporation Counsel of the
         City of New York
        Attorney for Defendant
        100 Church Street, Room 2-139
        New York, New York 10007
        (212) 788-7970
        kcomfrey@law.nyc.gov

By: /s/ _____
    Kathleen M. Comfrey
    Assistant Corporation Counsel


TO: COHEN, WEISS AND SIMON LLP
Attorneys for Plaintiffs
339 West 42nd Street
New York, New York 10036
(212) 563-4100


STROOCK & STROOCK & LAVAN LLP
Attorneys for Plaintiffs
180 Maiden Lane
New York, New York 10038
(212) 806-5400

Docket No. 10 Civ.2426 (SHS)(MD)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| CORINTHIANS ANDREWS, PATRICIA ARMSTEAD and BERNICE CHRISTOPHER, on behalf of themselves and all other persons similarly situated,<br><br>                                                                Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK,<br><br>                                                                Defendant. |
| **ANSWER TO AMENDED COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>   *Attorney for Defendant*<br>   *100 Church Street*<br>   *New York, N.Y. 10007*<br><br>   *Of Counsel: Kathleen M. Comfrey*<br>   *Tel: (212) 788-7970*<br><br>   *Matter No. 2010-00928* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ..................................... , 2011......*<br><br>*........................................................................Esq.*<br><br>*Attorney for ............................................................* |