

11 Broadway, Suite 615
New York, New York 10004
Tel: (212) 480-8807
www.LLFNY.com

James L. Linsey
Counsellor at Law

james@llfny.com

Admitted in NY & NJ

Matthew R. Yogg
Associate

matthew@llfny.com

February 24, 2015

**BY ECF**
Honorable Sidney H. Stein
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Court House
500 Pearl Street
New York, New York 10007-1312

Re:  *Andrews v. City of New York*, Case No. 10-Civ.-2426 (SHS)

Dear Judge Stein:

Collective Action Counsel wishes to advise the Court that in the last few days we have received multiple inquiries from Collective Action members, reporting that they had received an automated telephone call from International Brotherhood of Teamsters Local 237 ("Union"). These automated calls warn members not to file any objections to the proposed settlement in the above-captioned case, stating in part:

> It is very important that members receiving th[e Court-approved] Notice not check the objection box contained in the form.  Instead, simply ignore the form. We repeat, it is important that you don't check the objection box. By checking the box, you will be disqualified from receiving a back pay check worth thousands of dollars.

Upon information and belief, this automatic telephone message was sent to over 5,000 Union members through a mechanized system known as "robo-calls." The Union, while confirming that it did cause the message to be sent, has refused to provide us with the text. An informal transcript of the message is created by this office is attached hereto. Additionally, Collective Action Counsel possesses a recorded copy of the message, which we hereby request permission to file with the Court.

Of course, the automated telephone message is not true and directly contradicts the Court-approved Notice sent to Collective Action members, stating in part: "Collective Action members who wish to object to the proposed settlement must do so in writing. Your objection will not result in your opting out of the Collective Action and will not result in

your loss of eligibility for a settlement payment." Nevertheless, some Collective Action members calling our office have said they were confused about their rights after receiving the Union message.

Collective Action Counsel maintains its support for the Proposed Settlement as presented to the Court. Nonetheless, it remains cognizant of its responsibility to ensure that Collective Action members are accurately informed of their rights. Accordingly, Collective Action Counsel has taken robust affirmative actions to disseminate accurate information to members of the Collective Action through postings on our website at LLFNY.com, group meetings inviting all Collective Action members, and individual responses to hundreds of telephone calls and emails over the past week.  Additionally, we are providing Defendant with updated addresses for many Collective Action members who have not yet received the Notice.  We will continue our efforts to provide prompt and accurate information to Collective Action members as to their legal rights and try to dispel any false or misleading statements.

It is, of course, up to the Court's discretion as to whether this matter merits injunctive action under the All Writs Act, 28 U.S.C. § 1651(a), to enjoin further Union interference with the process, and, possibly, order the Union to take corrective action.

Thank you for the Court's consideration.


Respectfully submitted,

        /s/

James L. Linsey

Attachs.


cc:     Kathleen Comfrey, Esq. (by ECF)
        Todd Rubinstein, Esq.  (by e-mail)